**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| IN RE: <br><br> CUSTOM POULTRY PROCESSING, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 11-00107 |
| CUSTOM POULTRY PROCESSING, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GERBER POULTRY, INC., <br><br> Defendant. | Adv. No. _____ <br><br><br><br> **COMPLAINT TO AVOID PREFERENTIAL TRANSFERS** |

COMES NOW Custom Poultry Processing, LLC (the "Plaintiff"), by and through its undersigned counsel, and in support of this complaint respectfully states to the Court the following:

**JURISDICTION AND VENUE**

1. On January 20, 2011, (the "Petition Date") three creditors filed an involuntary petition pursuant to 11 U.S.C § 303 commencing a Chapter 7 bankruptcy case against the Plaintiff in the United States Bankruptcy Court for the Northern District of Iowa.

2. On February 1, 2011, upon the Plaintiff's motion, the Court entered an Order converting the case to Chapter 11.

3. The Plaintiff, Custom Poultry Processing, LLC, is a limited liability company duly organized under the laws of the State of Iowa with its home office currently located at 8935 Legends Club Dr., Prior Lake, MN 55372. The Plaintiff operated a chicken processing facility at 901 N. Main Street, Charles City, Iowa.

4. The Defendant, Gerber Poultry, Inc. (the "Defendant"), is a corporation organized under the laws of the State of Ohio.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(1) & 1334; and a General Reference Order issued by the United States District Court for the Northern District of Iowa on April 30, 1986.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Because the Plaintiff is an Iowa company and its principal place of business was located in the Northern District of Iowa, the bankruptcy case was properly commenced in the Northern District of Iowa by operation of 28 U.S.C. § 1408. Since the Plaintiff's bankruptcy case is pending in the Northern District of Iowa, venue is proper in this Court and District by operation of 28 U.S.C. § 1409.

8. The Plaintiff has authority to bring this complaint pursuant to 11 U.S.C. §§ 1106, 1107, 544, 547, 550, & 551 and its confirmed Plan.

9. Pursuant to 11 U.S.C. § 1106, the Plaintiff is to evaluate and pursue avoidance actions that may have value for the bankruptcy estate.

## COUNT I – PRE-PETITION PREFERENTIAL TRANSFER

10. The Plaintiff was formed in 2009 for the business purpose of processing Antibiotic Free and organic poultry. The Plaintiff operated a processing facility in Charles City, Iowa where it slaughtered poultry and processed the meat for sale.

11. The Plaintiff was scheduled to begin processing poultry in September of 2010. However, construction delays prevented the Plaintiff from beginning operations until December 1, 2010.

12. Prior to the commencement of operations, the Plaintiff had entered into supply contracts to purchase poultry to process.

13. As poultry under the supply contracts reached processing size, the Plaintiff was unable to process the poultry at its facility.

14. The Defendant is a poultry processor.

15. The Plaintiff entered into an agreement with the Defendant to process the Plaintiff's poultry during the period when the Plaintiff's processing facility was not operational.

16. The Defendant processed the Plaintiff's poultry, and the Plaintiff was obligated to pay the Defendant for its services.

17. During all times relevant to this complaint, the Plaintiff maintained bank account #xxxxxx2276 with First Security Bank & Trust Company of Charles City, Iowa (the "First Security Bank Account").

18. Prior to the Petition Date, the funds in the First Security Bank Account consisted of capital contributions from the Plaintiff's members, the proceeds from loan agreements entered into by the Plaintiff, proceeds from the Plaintiff's poultry processing operation, and other sources.

19. The Plaintiff held legal and equitable title to the funds in the First Security Bank Account subject to certain security interests granted by the Plaintiff. The funds in the First Security Bank Account were the Plaintiff's property.

20. October 22, 2010, is ninety (90) days prior to the Petition Date.

21. Between October 22, 2010 and January 20, 2011, the Plaintiff made five (5) transfers to the Defendant via demand drafts and wire transfers against the First Security Bank Account. The transfers are as follows:

| Check No. | Date | Amount | Date Cleared |
|---|---|---|---|
| 10916 | 11/04/2010 | $6,508.85 | 11/09/2012 |
| 10984 | 11/11/2010 | $8,336.06 | 11/16/2010 |
| Wire Transfer | 12/02/2010 | $49,205.23 | 12/02/2010 |
| Wire Transfer | 12/20/2010 | $21,841.04 | 12/20/2010 |

| Wire Transfer | 12/28/2010 | $24,822.41 | 12/28/2010 |
|---|---|---|---|
| **TOTAL** | | **$110,713.59** | |

22. At all times during the relevant ninety-day period, the Defendant was a creditor of the Plaintiff for sums owed under their agreement.

23. The Defendant received the transfers to partially satisfy amounts due and owing on an open account for processing services provided.

24. The transfers to the Defendant were made for, or on account of, antecedent debt owed by the Plaintiff under the open account.

25. The Bankruptcy Code provides a presumption of the Plaintiff/Debtor's insolvency in the ninety (90) day period prior to the commencement of the bankruptcy case, 11 U.S.C. § 547(f), and accordingly, the Plaintiff asserts that it was insolvent in the ninety (90) days prior to the commencement of its bankruptcy case.

26. First Security Bank and Trust Company filed Proof of Claim 115 asserting a claim in the amount of $5,340,106.43 secured by various mortgages and security agreements that encumbered the Plaintiff's real and personal property.

27. The United States of America on behalf of the Small Business Administration filed Proof of Claim 120 asserting a claim in the amount of $985,462.00 secured by a mortgage and security agreements encumbering the Plaintiff's real and personal property.

28. Pursuant to a Motion to Sell, an auction, and Court approval, the Plaintiff sold its real estate and equipment for $2,275,000.00. Subject to a Motion to Sell Frozen Inventory and Court approval, the Plaintiff sold its frozen inventory for $1,949,043.11. After paying sales commission, cold storage fees and Packers and Stockyard Act claims, the remaining proceeds from the frozen inventory amount to $347,747.72, which are subject to First Security Bank and Trust Company's security interest.

29. Due to the amount and extent of the secured claims, under Chapter 7, the Plaintiff's bankruptcy would have been a "No Asset" case, and the Defendant would not have received a distribution.

30. The Plaintiff's payments to the Defendant constituted transfers of interest in the Plaintiff's property, the funds from its account at First Security Bank & Trust. Because the Defendant would not have received a distribution from the Plaintiff's assets in a Chapter 7 case, the transfers resulted in the Defendant receiving more from the Plaintiff than the Defendant would have received had the Plaintiff's case been one under Chapter 7.

31. The transfers identified in Paragraph 21 above are avoidable pursuant to 11 U.S.C. §§ 547 and 550 and may be recovered for the benefit of Plaintiff's bankruptcy estate.

WHEREFORE, the Plaintiff requests that this Court enter judgment in favor of the Plaintiff avoiding the identified transfers and requiring payment of the transfers, along with interest at the maximum rate allowed, to the bankruptcy estate, and to grant such other and further relief as the Court deems just and equitable given the circumstances.

Dated this 16th day of January, 2013.

Respectfully submitted,

DAY RETTIG PEIFFER, P.C.

/s/ Ronald C. Martin
Joseph A. Peiffer    AT0006160
Ronald C. Martin   AT0005050
PO Box 2877
Cedar Rapids, Iowa   52406-2877
Telephone:  (319) 365-0437
Fax:  (319) 365-5866
E-mail joep@drpjlaw.com
ronm@drpjlaw.com
ATTORNEYS FOR PLAINTIFF

5

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Custom Poultry Processing, LLC | **DEFENDANTS**<br>Gerber Poultry, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Day Rettig Peiffer, P.C., 150 1st Ave. NE, Suite 415, P.O. Box 2877, Cedar Rapids, IA 52406-2877 (319) 365-0437 | **ATTORNEYS** (If Known)<br>Morris Stutzman<br>Logee, Hostetler, Stutzman & Lehman, LLC, 2171 Eagle Pass, Wooster, OH 44691, (330) 264-6115 |
| **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to avoid pre-petition preferential transfers - 11 U.S.C. §§ 1106, 1107, 544, 547, 550 & 551.

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☑ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $Full Amount Transferred |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Custom Poultry Processing, LLC | | BANKRUPTCY CASE NO.<br>11-00107 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Iowa | | DIVISION OFFICE<br>Mason City | NAME OF JUDGE<br>Hon. Thad J. Collins |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Ronald C. Martin | | | |
| DATE<br>January 16, 2013 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ronald C. Martin | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.